# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN NORMAN  14475 Miller Road  Richwood, OH 43344 | ) ) ) ) | Case No. 22-3704 |
| Plaintiff | ) ) ) | |
| v. | ) ) | |
| RURAL KING C, Inc.  c/o CT Corporation System  4400 Easton Commons Way  Columbus, OH 61938 | ) ) ) ) ) ) | |
| and | ) ) | |
| Shaun Amrine  1050 Coleridge Blvd.  Marysville, OH 43040 | ) ) ) ) ) | |
| Defendants | ) | |

**COMPLAINT**

Now comes Plaintiff, by and through undersigned counsel, who hereby states his claims against defendants as follows:

1. Defendant Rural King C, Inc. (hereinafter referred to as Rural King) owns and operates a retail store in Marysville, Ohio.

2. At all times pertinent to Plaintiff's claims, Defendant Shaun Amrine (hereinafter referred

1

to as Amrine) was employed by Rural King as the store manager responsible for Marysville, Ohio location.

3. At all times pertinent to Plaintiff's claims, Cameron Ford (hereinafter referred to as Ford) was employed by Rural King as a support manager at the Marysville, Ohio store.

4. Plaintiff, while a minor, was employed by Rural King at the Marysville, Ohio store from December, 2020 until May 2021, and was often assigned to work under the supervision of Ford.

5. Beginning in January or February, 2020, Ford began sexually harassing Plaintiff during work hours and while supervising Plaintiff by soliciting him to show Ford his genitals, and to allow Ford to touch his genitals.

6. Ford's harassment intensified during February and March, 2020 with Ford sexually assaulting Plaintiff during work hours by grabbing Plaintiff's genitals, and offering Plaintiff significant amounts of money to see Plaintiff's genitals.

7. Ford had a history of sexually harassing minor employees that he supervised that preceded Plaintiff's employment at Rural King.

8. Ford's history of harassing minor employees included, but was not limited to, soliciting minors to show Ford their genitals in exchange for Juuls or money, soliciting minors to allow Ford to perform oral sex on the minor in exchange for Juuls or money, and sexually assaulting

2

minors by grabbing their genitals or rubbing his genitals on them.

9.    Ford was never punished or instructed to stop by Armine or any other Rural King manager.

10.   On or about March 5, 2021, Plaintiff informed Armine of Ford's sexual harassment, and was told by Armine to not tell anyone else about the harassment.

11.   Armine took no immediate action against Ford.

12.   The following week, March 7 through 13, 2021, Ford continued to supervise Plaintiff, and continued to sexually harass and sexually assault Plaintiff during work hours.

13.   On March 10, 2021, Armine called Plaintiff while Plaintiff was not working, and repeated his instructions to not tell anyone else about Ford's behaviors.

14.   On March 16, 2021, Armine finally terminated Ford and reported his behavior to Police.

15.   Plaintiff suffered mental and emotional distress due to Ford's repeated harassment and assaults, which would not have taken place but for Armine's and Rural King's failure to protect him and the other minor employees from a serial child predator.

16. Plaintiff received the Right to Sue letter dated September 1, 2022, attached as Exhibit "A".

## Count One
## Title VII and R.C. 4112 Sexual Harassment

16. Plaintiff restates the foregoing paragraphs as if fully rewritten.

17. Ford's sexual harassment of Plaintiff created a hostile work environment.

18. Rural King knew or should have known about the hostile work environment, and failed to take prompt and appropriate corrective action to protect Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and R.C. 4112.

19. As a result of Rural King's lack of action, Plaintiff suffered damages.

## Count Two
## Ohio Common Law Sexual Harassment

20. Plaintiff restates the foregoing paragraphs as if fully rewritten.

21. Rural King knew or should have known of Ford's history of sexual harassment, but failed to take the necessary steps to protect Plaintiff and the its other minor employees from Ford's harassment.

22. As a result of Rural King's failure to protect Plaintiff from sexual harassment, Plaintiff suffered damages.

Count Three
Negligence

23. Plaintiff restates the foregoing paragraphs as if fully rewritten.

24. Because Plaintiff was a minor employee, Rural King and Armine both had a duty to protect Plaintiff from Ford's sexual harassment.

25. Rural King and Armine knew or should have known of Ford's history of sexually harassing Plaintiff and other minor employees, but failed to take any action to protect Rural King's minor employees from Ford's predation.

26. Rural King's and Armine's failure to act was a breach of their duty to Plaintiff, and resulted in Plaintiff suffering damages.

WHEREFORE, Plaintiff requests the following remedies:

For Count One, compensatory damages in an amount exceeding twenty-five thousand dollars, punitive damages of two hundred fifty thousand dollars for each violation of R.C. 4112, punitive damages exceeding ten million dollars for each violation of Title VII, attorney fees, and

costs.

For Count Two, compensatory damages in an amount exceeding twenty-five thousand dollars, punitive damages of two hundred fifty thousand dollars, attorney fees, and costs.

For Count Three, compensatory damages in an amount exceeding twenty-five thousand dollars, punitive damages of two hundred fifty thousand dollars for each act of negligence, attorney fees, and costs.

An injunction prohibiting Rural King from hiring minors as employees in the State of Ohio and all other States. In the alternative, an injunction requiring Rural King to pay for and follow a third party designed and administered program that protects their minor employees from future sexual harassment.

An injunction prohibiting Armine from supervising, managing, or working with any minors.

Any other remedy the Court believes is equitable.

Respectfully submitted,

/s/ Lisa Walczak Music
Lisa Walczak Music, #0069104
Counsel for Plaintiffs
311 S. Main Street
Marysville, Ohio 43040
Phone: 937-642-3142 Fax: 937-834-4451
lisamusic@hotmail.com


/s/Alison Boggs
Alison Boggs #0055841
Counsel for Plaintiffs
P.O. Box 53
Marysville, Ohio 43040
(937) 578-0214
alisongboggs@yahoo.com