IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN NORMAN, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cv-3704** |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| RK HOLDINGS, LLP d/b/a | : | **Magistrate Judge Deavers** |
| Rural King, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## I.  OPINION & ORDER

This matter is before this Court on Defendants RK Holdings, LLP d/b/a Rural King and

Shaun Amrine's Motion for Partial Judgment on the Pleadings (ECF No. 18). Defendants seek to

dismiss Count I of Plaintiff's Amended Complaint as to any claims asserted against Mr. Amrine

and Counts II & III against both Defendants. (*Id.*). For the reasons set forth below, Defendant's

Motion is **GRANTED**.

## II.  BACKGROUND

Defendant RK Holdings, LLP ("Rural King") operates a retail store in Marysville, Ohio.

(ECF No. 4 at 1). Defendant Shaun Amrine was the store manager at the Marysville location. (*Id.*

at ¶ 2). Plaintiff Brian Norman, a minor at the time of the events in question, worked at the

Marysville location from December 2020 to May 2021. (*Id.*). During his employment with Rural

King, Plaintiff was often assigned to work under the supervision of Cameron Ford, a support

manager at the Marysville location. (*Id.* at ¶¶ 3-4). Beginning in January or February of 2021,[1] Mr.

Ford began sexually harassing Plaintiff at work, soliciting Plaintiff to show Mr. Ford his genitals

---

[1] Defendants' Motion (ECF No. 18) says that the events began in January or February of 2020. Because Plaintiff's employment began in December 2020, this Court understands Defendants to mean January or February of 2021.

and to allow Mr. Ford to touch his genitals. (*Id.* at ¶ 5). On or about March 5, 2021, Plaintiff informed Mr. Armine of Mr. Ford's sexual harassment. (*Id*. at ¶ 8). Mr. Amrine told Plaintiff not to tell anyone else about Mr. Ford's sexual harassment and took no immediate action against Mr. Ford. (*Id.* at ¶¶ 7-8). Mr. Ford indeed had a history of sexually harassing minor employees, yet Defendants never punished Mr. Ford or instructed him to stop. (*Id.* at ¶ 10).

The week after Plaintiff told Mr. Amrine about Mr. Ford, March 7-13, 2021, Mr. Ford continued to supervise Plaintiff, and continued to sexually harass and sexually assault Plaintiff. (*Id.* at ¶14) On March 10, 2021, Mr. Armine called Plaintiff and again told Plaintiff not to tell anyone about Mr. Ford's sexual harassment. (*Id*. at ¶ 15). On March 16, 2021, however, Mr. Armine terminated Mr. Ford and reported his sexual harassment to the police. (*Id.* at ¶ 16).

Plaintiff alleges that he suffered mental and emotional distress as a result of Mr. Ford's repeated sexual harassment and sexual assault. (*Id*. at ¶ 17). Plaintiff further alleges that Defendants' failure to protect him from Mr. Ford caused his distress. (*Id*.). Plaintiff's Amended Complaint alleges sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* and in violation of the Ohio Civil Rights Act, O.R.C. § 4112 (Count I), Ohio common law sexual harassment (Count II), and negligence (Count III). Defendants have filed the motion *sub judice* to dismiss Count I against Mr. Amrine, and Counts II and III against both Defendants. Plaintiffs have responded properly and Defendants have replied. The Motion is now ripe for consideration.

### III.   STANDARD OF REVIEW

When a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is filed, the Court analyzes the motion using the same standard as a Rule 12(b)(6) motion to dismiss. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the

complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005) (citation omitted). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).  Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

While *Twombly* does not preclude a party from pleading factual allegations based upon "information and belief," the complaint should indicate that "the facts are peculiarly within the possession and control of the defendant, or . . . the belief is based on factual information that makes the inference of culpability plausible." *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Pleading on information and belief may be permissible "when a plaintiff may lack personal knowledge of a fact, but have sufficient data to justify interposing an allegation on the subject or be required to rely on 'information furnished by others." *Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2016 WL 4573993, at *6 (S.D. Ohio Sept. 1, 2016).

3

## IV.    LAW & ANALYSIS

### A.  Counts I and II Against Mr. Amrine

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," but it does require more than a mere vague accusation of harm. *Twombly*, 550 U.S. at 555. Bare assertions of legal conclusions are inadequate to satisfy the notice pleading standard. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.").

Here, Defendants argue that Mr. Amrine was not placed on adequate notice that a claim exists against him. (ECF No. 18 at 5). Indeed, Counts I and II of the Amended Complaint specifically refer to Rural King, but they do not refer to Mr. Amrine in any capacity. Plaintiff states that "Rural King knew or should have known about the hostile work environment" and that "Rural King knew or should have known of Ford's history of sexual harassment," but does not allege that Mr. Amrine should have known the same. (ECF No. 4 at ¶¶ 4-5). Count III is the first place that Plaintiff specifically mentions Mr. Amrine as a party. (ECF No. 4 at ¶¶ 24-26).

Unfortunately, Plaintiff's arguments in response to Defendants are unavailing. Plaintiff's response brief (ECF No. 21), which is composed entirely of three pages of prose void of any citations to legal authority, fails to refute Defendants' arguments. Plaintiff merely states that "it is hard to believe" that Mr. Amrine was not put on notice after Plaintiff informed him of Mr. Ford's sexual harassment. (*Id.* at 4). While it may be true that Mr. Amrine was on notice of Mr. Ford's sexual harassment, and indeed it is evident that he was aware because he terminated Mr. Ford and reported him to the police (ECF No. 4 at ¶ 16), the standard here is not what Mr. Amrine may or

may not have known at the time of the events in question. Rather, the standard set forth by Rule 8(a)(2) is plainly whether the pleading contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, Counts I and II of the Amended Complaint contain no such short and plain statement as to Mr. Amrine in any capacity, and he therefore cannot be said to have been placed on notice in this litigation.

Further, even if Plaintiff had properly placed Mr. Amrine on notice in Count I, his Title VII claim against Mr. Amrine would be barred by the Title VII definition of "employer." Under Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person …" *See* 42 U.S.C. § 2000e(b). Numerous courts, as well as the Sixth Circuit, have held that supervisors sued in their individual capacities are not included in the definition of "employer" under Title VII." *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). As the store manager, Mr. Amrine was Plaintiff's supervisor. According to *Hiler*, such a supervisor cannot be defined under "employer" for Title VII purposes. The Sixth Circuit has further held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Here, Mr. Amrine is not an "employer" within the meaning of Title VII because he is supervisor, and he therefore cannot be liable under the Sixth Circuit's standard in *Wathen*.

Mr. Amrine is not an "employer," and whether he is an "agent" is nondispositive in this narrow case. While "agent" is not defined by Title VII, it has been interpreted by the Sixth Circuit to mean an individual who "serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Wathen*, 115 F.3d at 405. As the store

5

manager, Mr. Amrine certainly appears to fit this description. Even if, however, Mr. Amrine were an "agent" under Title VII, courts have found that supervisors, even when the law could consider them an employer's "agent" and thus a statutory "employer" for purposes of liability, are not personally liable under Title VII and similar state laws. *Wathen*, 115 F.3d at 405–06). The Sixth Circuit in *Wathen* found that "[t]he obvious purpose of this agent provision was to incorporate *respondeat superior* liability into the statute." *Wathen,* 115 F.3d at 405–06 (quoting *Miller v. Maxwell's Intern. Inc*., 991 F.2d 583, 587 (9th Cir.1993)). That Court then turned to the Supreme Court's discussion in *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 72 (1986), which noted that "Congress' [sic] decision to define 'employer' to include any 'agent' of an employer ... surely evinces an intent to place some limits on the acts of the employees for which employers under Title VII are to be held responsible."

While the Supreme Court found that Congress's purpose in including "agent" in the definition of "employer" was to define the scope of liability of the employer, "it said nothing about any liability on the part of the employee/agent." *Wathen*, 115 F.3d at 406. Finally, the Sixth Circuit agreed with the Second Circuit's conclusion in *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995), finding that the legislative history in the floor debates over § 2000e(b) shows that no mention was made of agent liability, further "implying that Congress did not contemplate agent liability under Title VII." *Wathen*, 115 F.3d at 406 (quoting *Tomka*, 66 F.3d at 1314). Here, even when the law could consider Mr. Amrine to be Rural King's "agent," he still cannot be personally liable under Title VII.

Finally, again assuming Plaintiff properly placed Mr. Amrine on notice in Count I, recent amendments to the Ohio Civil Rights Act ("OCRA") prevent such supervisory liability claims like the one presented here. In 2020, the Ohio General Assembly amended O.R.C. 4112 to clarify its

6

intent not to create a cause of action for individual supervisory liability. *See* Sub. H.B. No. 352, Ohio Legis. 114, 3 (2020). The amendments altered the definition of "employer" to align more closely with the Title VII definition, discussed *supra*. Prior to the amendments, the OCRA defined "employer" as "any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." O.R.C. 4112.01(A)(2) (2020). After the amendments, "employer" is defined as "a person employing four or more persons within the state, and any agent of the … person." O.R.C. 4112.01(A)(2). The addition of the "any agent" language brings the OCRA in line with Title VII, which again has been found not to provide for individual supervisor liability. Further still, the amendments added a provision explicitly disclaiming individual supervisor liability under O.R.C. 4112.08(A), which states, "no person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor … unless that supervisor … is the employer." Sexual harassment falls under the "unlawful discriminatory employment practice" prohibited under O.R.C. 4112.01(A)(24)(a). *See* O.R.C. 4112.02. Further still, the new law "declare[d] its intent that individual supervisors … not be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices relating to employment that are described in division (A)(24)(a) of section 4112.01 of the Revised Code, as Amended by this act." H.B. No. 352. Section 4112 clearly indicates that it was never intended to create individual supervisor liability. Because O.R.C. 4112.08(A), like Title VII, bars Plaintiff from bringing a claim for individual supervisor liability, in this case, his individual capacity claims against Mr. Amrine in Count I fail to state a claim upon which relief can be granted.

Plaintiff's allegations against Rural King in Counts I and II are specific, but the absence of any mention of Mr. Amrine in those Counts fail to meet Rule 8's notice pleading standard as to

Mr. Amrine. Accordingly, Mr. Amrine cannot be said to have been on notice to the claims in Count I, or indeed, in Count II. Even if the pleading standard had been met, Plaintiff's allegations are barred under Title VII and the OCRA. Therefore, Counts I and II against Mr. Amrine are dismissed.

### B.  Counts II and III Against Mr. Amrine and Rural King

Defendants next argue that neither Rural King nor Mr. Amrine may be liable for negligence or common law sexual harassment because the recent amendments to the OCRA preempt all procedures and remedies outside of the OCRA. (ECF No. 18 at 9). Ohio courts previously permitted plaintiffs to pursue common law remedies in employment discrimination cases where the legislature did not intend to limit the remedies exclusively to those provided in O.R.C. 4112. *See, e.g., Sutton v. Tomco Machining, Inc.*, 950 N.E.2d 938 (Ohio 2011) (holding that common law tort actions are permissible under O.R.C. 4112 because the provision was intended to add protections for victims of sexual harassment, not supplant common law protections and remedies); *Helmick v. Cincinnati Word Processing*, 543 N.E.2d 1212 (Ohio 1989) (holding that common law tort actions are not preempted by O.R.C. 4112 because *nothing in the statute's language or legislative history barred the pursuit of these remedies*) (emphasis added). The amendments to the OCRA discussed *supra* also added § 4112.08(B), which explicitly limits remedies to those provided for in the statute:

> The procedures and remedies for unlawful discriminatory practices relating to employment in this chapter are the sole and exclusive procedures and remedies available to a person who alleges such discrimination actionable under this chapter.

O.R.C. 4112.08(B).

The "sole and exclusive" language in the amended statute makes clear that common law remedies for discrimination claims governed by O.R.C. 4112 are barred. *Cf. Helmick*, 543 N.E.2d

1212 (noting that the *absence* of statutory language barring tort actions allowed those actions to proceed). The Ohio General Assembly further made clear that "common law claims for wrongful discharge are not available for actions maintainable under Chapter 4112." *See* HB 352, § 3. Here, it is clear to this Court that the amendments to § 4112 bar Plaintiff's claims for common law sexual harassment and negligence. As the Ohio General Assembly has made clear, because Plaintiff brings this action under § 4112, Plaintiff's common law claims are unavailable. As a result, Counts II and III against both Defendants are based on unavailable remedies and therefore must be dismissed.

## V.     CONCLUSION

For the reasons discussed above, Defendants RK Holdings, LLP d/b/a Rural King and Shaun Amrine's Motion for Partial Judgment on the Pleadings (ECF No. 18) is **GRANTED**. Defendant Shaun Amrine is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 29, 2024**

9