IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN NORMAN, | : |
| | : |
|     Plaintiff, | : |
| | : Case No. 2:22-cv-03704 |
| v. | : |
| | : Judge Algenon L. Marbley |
| RK HOLDINGS, LLP | : |
|     dba Rural King, | : Magistrate Judge Preston Deavers |
| | : |
|     Defendant. | : |

**OPINION & ORDER**

This matter comes before this Court on the following motions: (1) Plaintiff Brian Norman's Motion for Reconsideration (ECF No. 44) of this Court's Opinion and Order granting the Defendant's Motion for Partial Judgment on the Pleadings; (2) Plaintiff's Motion for Leave to file a Second Amended Complaint (ECF No. 53); and (3) Ohio Employment Lawyers Association's ("OELA") Motion for Leave to File an Amicus Brief (ECF No. 54) in support of Plaintiff's two pending claims. For the reasons set forth below, Plaintiff's Motion for Reconsideration (ECF No. 44) is **GRANTED** and his Motion for Leave to file a Second Amended Complaint (ECF No. 53) is **DENIED.** Having resolved these motions, OELA's Motion for Leave to File an Amicus Brief (ECF No. 54) is **DENIED AS MOOT**.

**I.  BACKGROUND**

This Court provided substantial background information of this case in its March 29, 2024, Opinion and Order granting the Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 36). The Court thus recounts only those facts that are relevant to the motions *sub judice*.

On October 16, 2022, Plaintiff filed the original Complaint against Defendants RK Holdings ("Rural King") and Shaun Amrine. (ECF No. 1). Plaintiff filed their first Amended

1

Complaint eight days later, on October 24, 2022. (ECF No. 4). Plaintiff's first Amended Complaint alleged multiple sexual harassment claims in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* and in violation of the Ohio Civil Rights Act (OCRA), O.R.C. § 4112 (Count I), Ohio common law sexual harassment (Count II), and negligence (Count III). (ECF No. 4). Defendants filed their answer to the first Amended Complaint on November 28, 2022. (ECF No. 11).

On August 2, 2023, the Defendants filed a Motion for Partial Judgment on the Pleadings. (ECF Nos. 18; 19). As to Mr. Amrine, Defendants sought dismissal of Counts I and II pursuant to Federal Rule of Civil Procedure 8(a)(2) because Plaintiff did not allege any individual liability claim against Mr. Amrine and failed to place Amrine on notice that the claims exist. (ECF No. 19 at 4). Even if Mr. Amrine was on proper notice, Defendants argued Counts I and II should be dismissed against Amrine based on Mr. Armine's position not being covered by the definition of employer under Title VII and amended definition of employer under recent amendments to the Ohio Revised Code ("O.R.C.") § 4112. (*Id.* at 6–8). As to both Mr. Amrine and Rural King, Defendants sought dismissal of Counts II and III due to recent amendments under O.R.C § 4112 providing that Plaintiff may not bring common law claims (such as Counts II and III) when alleging a claim under § 4112 (Count I). (ECF No. 19 at 9–10). Plaintiff responded to the Defendant's Motion for Partial Judgment on August 15, 2023. (ECF Nos. 20; 21). The Defendants filed a Reply on August 25, 2023. (ECF No. 26)

On March 29, 2024, this Court issued its Order granting the Defendants Motion for Partial Judgment on the Pleadings. (ECF No. 36). In the Order, this Court dismissed Counts I and II against Amrine for lack of notice. (*Id.* at 8). This Court also dismissed Counts II and III against both Defendants, finding that the amendments to the OCRA in O.R.C. § 4112.08(B), effective

2

April 15, 2021, preempted any common law negligence and sexual harassment claims and made the OCRA the exclusive remedy for employment discrimination claims. (*Id.*). As all counts against Mr. Armine were dismissed, he was dismissed from this case as a defendant.

On July 3, 2024, the Plaintiff filed their Motion for Reconsideration as to this Court's Order granting the Defendant's Motion for Partial Judgment on the Pleadings. (ECF No. 44). On July 3, 2024, the Plaintiff filed a Second Amended Complaint (ECF No. 45) which was struck for failure to request leave to do so. (ECF No. 7). On July 24, 2024, the Plaintiff filed their Motion for Leave to File a Second Amended Complaint (ECF No. 53). On July 24, 2024, OELA filed a Motion for Leave to File an Amicus Brief. (ECF No. 54). The Defendants filed their Response in Opposition to the Plaintiff's Motion for Reconsideration and to the Motion to File a Second Amended Complaint on August 7, 2024. (ECF No. 58). These three motions are now ripe for this Court's consideration.

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration

Plaintiff argues in his Motion for Reconsideration (ECF No. 44) filed on July 3, 2024, that this Court erred in its March 29, 2024, Opinion and Order (ECF No. 36) granting the Defendant's Motion for partial Judgement on the Pleadings by applying the 2020 amendments to the OCRA in O.R.C. § 4112.08(B) retroactively. (ECF No. 44 at 2).

*1. Standard of Review*

Motions for reconsideration are "not intended to re-litigate issues previously considered by the court or to present evidence that could have been raised earlier." *Doyle v. Pollitt*, No. 2:08-CV-761, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *J.P v. Taft*, No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006)). Nor are motions for reconsideration a

3

"mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State,* No. 2:05-CV-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). Due to the importance of finality in the justice system, a court should grant a motion to reconsider a final order only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser,* No. 2:15-CV-956, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016).

The Federal Rules of Civil Procedure ("FRCP") do not expressly provide for motions for reconsideration. *Doyle*, 2010 WL 658652 at *1. Nonetheless, courts in the Sixth Circuit often construe such motions as Rule 59(e) motions to alter or amend judgment. *Aqeel v. Seiter*, 826 F.2d 1062 (6th Cir. 1987). Under Rule 59(e), a district court may reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner—Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp.*, Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

A party must file a Rule 59(e) motion no later than 28 days after the entry of the judgement it seeks to alter. Fed. R. Civ. P. 59(e). Courts may not extend the time to consider Rule 59(e) motions beyond the time permitted by the FRCP. Fed. R. Civ.P. 6(b)(2). When a party fails to file a Rule 59(e) motion before this deadline, courts "may consider the motion as one for relief from a final judgment pursuant to Rule 60(b)." *In re Durrani Med. Malpractice Cases*, No. 1:16-CV-004, 2016 U.S. Dist. LEXIS 195022, 2016 WL 8199122, at *2 (S.D. Ohio June 20, 2016) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)). A party must make a motion

4

under Rule 60(b) "within a reasonable time" and not more than a year after the entry of judgement from which it seeks relief. Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(6), courts have broad authority to vacate a prior judgment for "any other reason that justifies relief." Fed. R. Civ. P 60(b)(6). This authority is broad enough to "enable [courts] to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed. 266 (1949). When deciding whether to grant relief under Rule 60(b)(6), courts must conduct a case-by-case inquiry, balancing "numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir.2001)).

2. *Analysis*

As a threshold matter, Plaintiff's Motion for Reconsideration is untimely as a Rule 59(e) request. Plaintiff filed the motion 96 days after this Court's Order granted the Defendant's Motion for partial Judgement on the Pleadings, far beyond 28-day window afforded by Rule 59(e). Construing Plaintiff's Motion for Reconsideration instead as a motion for relief from a final judgment under Rule 60(b), this Court finds such a motion is timely as it is filed within one year of the Order and within a reasonable time after the judgement from which it seeks relief.

Turning to the merits of Plaintiff's Motion for Reconsideration, this Court finds granting Plaintiff's Motion "is appropriate to accomplish justice." *Klapprott*, 335 U.S. at 615.

The Ohio Constitution generally prohibits the state legislature from passing retroactive laws. Ohio Const. art. 2, § 28 (stating in part that "[t]he general assembly shall have no power to pass retroactive laws."). This so-called retroactivity clause of the Ohio Constitution nullifies any

5

effect a law would have which would "reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]." *Bielat v. Bielat*, 721 N.E.2d 28, 32-33 (Ohio 2000) (quoting *Miller v. Hixson*, 59 N.E. 749, 752 (1901)). This general bar against retroactive laws is not absolute and the Ohio Supreme Court has delineated specific circumstances in which an Ohio law becomes "unconstitutionally retroactive" versus permissibly remedial in nature. *Id.* at 33. The two-part test for the permissive retroactive application of Ohio law requires that: (1) the legislature expressly intended the statute to apply retroactively; and (2) the retroactive statute is remedial, not substantive. *Id.* at 8-9.

Ohio's statutes are "presumed to be prospective in its operation unless expressly made retrospective." *Van Fossen v. Babcock & Wilcox Co.*, 522 N.E.2d 489 at syllabus (Ohio 1988) (citing O.R.C. § 1.48). Therefore, "absent a clear pronouncement" that an Ohio statute is intended to apply retroactively, they may only apply prospectively. *State v. Lasalle*, 772 N.E.2d 1172, 1175 (Ohio 2002). A prospective Ohio statute applies "only to [an] act committed after the date the statute became effective." *Disc. Cellular, Inc. v. PUC*, 859 N.E.2d 957, 968 (Ohio 2007).

The text of HB 352, amending O.R.C. § 4112, contains no explicit language identifying the statute as applying retroactively. *See* Substitute House Bill Number 352 (annotated amendments to O.R.C. § 4112 which neither includes nor adds references to retroactivity).

The text of the amended O.R.C. § 4112 fails the first threshold inquiry for the retroactive application of Ohio law. There is no evidence that the legislature intended for the amended language of O.R.C. § 4112 to apply to conduct occurring prior to the effective date of April 15, 2021. Therefore, the amended language abrogating common law claims and supervisor culpability for sexual harassment only applies prospectively to claims accruing after the amended statute's effective date.

6

Here, the amendments to the OCRA in O.R.C. § 4112.08(B) providing that "[t]he procedures and remedies for unlawful discriminatory practices relating to employment in this chapter are the sole and exclusive procedures and remedies available" became effective on April 15, 2021. The conduct alleged by Plaintiff occurred between January or February 2021 and March 2021, prior to the effective date of the revisions to § 4112.08(B) rescinding the common law remedies Plaintiff seeks. Therefore the "sole and exclusive" language in the amended section does not apply retroactively to bar the Plaintiff's claims. This Court's previous Opinion and Order (ECF No. 36), applying the amendments of O.R.C. § 4112 retroactively to dismiss Counts II and III of the Amended Complaint, was therefore a clear error of law warranting reconsideration to do justice in light of all the facts. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 44) of this Court's Opinion and Order granting the Defendant's Motion for Partial Judgment on the Pleadings is **GRANTED**.

        *a. Reconsidering the Motion for Partial Judgement on the Pleadings*

This Court now reconsiders its Opinion and Order (ECF No. 36) issued March 39, 2024, granting the Defendant's Motion for Partial Judgement on the Pleadings, only as to Counts II and III of the Plaintiff's Amended Complaint (ECF No. 4) as requested in Plaintiff's Motion to Reconsider.

Courts analyze a Motion for Judgment on the Pleadings under FRCP 12(c) using the same standards as a FRCP 12(b)(6) motion to dismiss. *Fritz v. Charter Township of* Comstock, 592, F.3d 718, 722 (6th Cir. 2010). A court may dismiss a cause of action under FRCP 12(b)(6) for "failure to state a claim upon which relief can be granted." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005) (citation omitted). Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Id.* This

7

Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relieve above the speculative level and to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Crucially, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

As to Rural King, Defendants' sole argument for the dismissal of Counts II and III of the Amended Complaint is that the recent amendments to O.R.C. § 4112 precludes all procedures and remedies at common law. (ECF No. 18 at 9). As discussed above, the amendments to O.R.C. § 4112 do not apply retroactively to preempt recovery for the Plaintiff's common law allegations that accrued prior to the amendment's effective date. Therefore, Counts II and III of the Amended Complaint are not barred based on Defendants' argument to apply O.R.C. § 4112. Defendants' Motion for Judgment on the Pleadings with respect to Rural King is therefore denied on Counts II and III.

Defendants, on the other hand, provided an alternative argument for dismissing Count II as to Mr. Amrine. Defendants argued that Count II should nonetheless be dismissed against Amrine because Plaintiff did not properly allege an individual liability claim against him as required under Federal Rule of Civil Procedure 8(a)(2). Under Rule 8(a)(2), a pleading must

8

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," but it does require more than a mere vague accusation of harm. *Twombly*, 550 U.S. at 555. Bare assertions of legal conclusions are inadequate to satisfy the notice pleading standard. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."). This Court found that Plaintiff failed to place Mr. Amrine on notice that any such claims in Count I or II exist and as such, both claims failed to meet the pleading standards under Rule 8. (ECF No. 36 at 4–5).

This Court's previous decision Defendants' Motion for Judgment on the Pleadings (ECF Nos. 18; 19) is therefore **VACATED in part**. Counts II and III against Rural King and Count III against Mr. Amrine are **REINSTATED**. Accordingly, Mr. Amrine is **REINSTATED** as a defendant in this case. Counts I and II as to Amrine remain dismissed.

### B. Motion for Leave to File an Amended Complaint

#### 1. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), courts should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or

9

prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

2. *Analysis*

Plaintiff filed his original Complaint on October 16, 2022. (ECF No. 1). Shortly thereafter, Plaintiff filed an Amended Complaint on October 24, 2022. (ECF No. 4). Thereafter, this Court issued the case schedule, imposing a deadline to file Motions to Amend by March 16, 2023. (ECF No. 14). Plaintiff now requests leave to file a Second Amended Complaint, in his Motion for Leave to Amend the Complaint filed on July 24, 2024. (ECF No. 53). Plaintiff argues that this Court should "freely give leave [to amend the Complaint" to "help clarify" facts and add "additional detail." (ECF No. 53 at 4) (citing FRCP 15(a)(2)).

Plaintiff fails to address "the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Plaintiff filed his second Motion to Amend the Complaint more than a year after the scheduling order allows, and must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003).

Here, Plaintiff has not shown good cause for why he filed his Motion to Amend the Complaint 475 days later than permitted under this Court's scheduling order. Plaintiff has not shown, for example, that this is a scenario where a party is otherwise unable to duly follow up on their Complaint's shortcomings. *See, e.g., Landstar Ranger, Inc. v. City of Delware*, No. 2:22-cv-02008, 2022 U.S. Dist. LEXIS 187887, at *8 (S.D. Ohio Oct. 13, 2022). Nor has Plaintiff shown this is a case of an amendment to add new allegations of facts that were not readily known to the party initially. *See, e.g., Noco Co. v. Lapidus*, No. 21-cv-900, 2022 U.S. Dist. LEXIS 99011, at *6

10

(N.D. Ohio June 2, 2022). Plaintiff filed his Motion to Amend the Complaint 618 days after his first Amended Complaint to "clarify and amplify facts that would benefit from a clearer and fuller description" but has nonetheless failed to provide any good cause for doing so.

In the amendment, Plaintiff attempts to add various new allegations to the counts from the Amended Complaint, and a new count for aiding and abetting. Plaintiff states that the "primary purpose of the amendment is to address assertions in the Defendants' partial motion to dismiss" (ECF No. 18) filed on August 2, 2023, which Plaintiff has already addressed in his Response to said Motion filed on August 15, 2023. (ECF No. 20). Plaintiff's second Motion to Amend the Complaint (ECF No. 46) was first attempted to be filed 261 days past the discovery deadline of October 16, 2023, and 336 days after the Motion for Judgement on the Pleadings was filed on August 2, 2023, which Plaintiff's new Amended Complaint seeks to address. Granting Plaintiff's unnecessarily delayed Motion to Amend the Complaint would cause significant prejudice to the Defendants by prompting additional discovery and filings, long after these deadlines have passed. Plaintiff has already addressed the Defendant's assertions and now seeks untimely amendment without good cause to do so as required by Rule 16(b).

Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 53) is **DENIED**.

### C. Motion for Leave to File an *Amicus Curiae* Brief

Leave to participate as amicus curiae is not a right, but a "privilege within the sound discretion of the courts." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citation omitted). In evaluating whether to accept the submission of an amicus curiae brief, courts typically consider whether the information offered by the amicus "is timely, useful, or otherwise necessary to the administration of justice." *Id.* Additionally, leave to file an amicus

brief may be appropriate where the movant can "assist the court by giving information," (*id.* at 164) (internal citations omitted), the movant has "an important interest and a valuable perspective on the issues provided," (*United States v. City of Columbus*, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000)) (internal quotation marks and citation omitted), or the case implicates "matters of public interest." *Michigan*, 940 F.2d at 164 (internal citations omitted)

OELA asserts that it has a strong interest in the representation of employees in civil litigation, particularly as it applies to the amendments of O.R.C. § 4112. (ECF No. 54 at 1). Having decided above the matter pertinent to OELA's briefing already, OELA's Motion for Leave to File an Amicus Curiae Brief is **DENIED AS MOOT**, as this Court would not be further assisted by its filing.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 44) is **GRANTED**. This Court's March 29, 2024, Opinion and Order (ECF No. 36) granting partial Judgment on the Pleadings to Defendants on Counts II and III is **REVERSED in part**, specifically, this Court hereby **ORDERS** that:

- Shaun Amrine is **REINSTATED** as a defendant;
- Count III against Mr. Amrine is **REINSTATED**;
- Counts II and III against Defendant Rural King are **REINSTATED**;

Pursuant to the Court's Opinion and Order of March 29, 2024, Counts I and II as to Amrine remain dismissed. Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No.

53) is **DENIED**. OELA's Motion for Leave to File an *Amicus Curaie* Brief (ECF No. 54) is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 27, 2025**